YARRUT, Judge.
This suit is the sequel to the one decided by this Court on June 1, 1964 (Wilson v. King, 165 So.2d 70). The issue here is whether the successful Intervenor in the first suit (Administrator of the Succession of Grace King Coxe) is entitled to recover interest for the period the garnisheed funds, then on deposit with the Bank, were withheld, as well as attorney’s fees incurred in releasing the garnishment.
The heirs of original Plaintiff, Albert A. Wilson, were substituted as Plaintiffs in the cited suit. They obtained a writ of fieri facias and made the Hibernia National Bank in New Orleans garnishee to satisfy a long-standing money judgment against Defendant, Carleton King. At the time the interrogatories were served on the Bank, it held the sum of $3,935.85 for the joint account of Carleton King and Grace King Coxe, his daughter. The latter died after the issuance of the writ and the Administrator of her Succession intervened, alleging that the judgment debtor, Carle-ton King, had no interest in the funds seized, with a prayer that the seizure be dissolved and the funds decreed to be the property of the Succession. There was judgment in the trial court in favor of the Intervenor as prayed. Plaintiffs appealed and the judgment was affirmed.
The Bank had received a check drawn by Paño Tech Exploration Corp., in the amount of $11,807.55, made payable to the Hibernia National Bank, for the joint credit of Frederic D. King, Carleton King, Grace King Coxe and Henry C. Miller King. Paño Tech instructed Hibernia to make payment of one-third ($3,935.85) of the check to Frederic D. King, one-third jointly to Carleton King and Grace King Coxe, and one-third to Henry C. Miller King. Only the one-third held by the Bank for the account of Carleton King and Grace King Coxe was seized.
The check represented payment of annual delay rental under an oil, gas and mineral lease dated October 1, 1954, duly registered in the conveyance records of St. Martin Parish where the leased property was located. By judgment of possession, rendered March 30, 1943, in the Succession of Nina Ansley King, Civil District Court for the Parish of Orleans, Grace King Coxe was placed in possession of an undivided one-third interest in the property, subject to a usufruct in favor of Carleton King, her father. Frederic D. King and Henry C. Miller King were placed in possession of the remaining undivided two- *673 thirds interest. All four executed the lease and appear therein as “lessors.”
Promptly, upon the finality of the decision in the cited case against them, Plaintiffs dismissed the garnishment against the Bank and released the funds to the Succession of Grace King Coxe.
The only issue here is whether the Succession of Grace King Coxe, judicially declared to he the owner of the garnisheed funds, is entitled to recover legal interest for the period the funds were withheld during the litigation, and the attorney’s fees incurred in releasing the funds from the garnishment.
The officer of the Bank testified he would not have paid the proceeds to anyone but the payees, so named, without the consent of all of them.
The district court denied both claims for interest and attorney’s fees; hence this appeal.
As Carleton King appeared and signed the oil and gas lease, along with the other members of the King family, in the capacity of a “lessor” not as “usufructu-ary,” Plaintiffs, as seizing judgment creditors, had every reason to assume that Carle-ton King was, in fact, a part owner of the fund and in that capacity had leased his interest to the Oil Company. Therefore, Grace King Coxe in signing the drilling agreement, along with her father, Carleton King, in the capacity of lessors, herself created the presumption that part of the royalties would accrue to her father, Carle-ton King. Plaintiffs were thereby entitled to rely on the recorded drilling agreement. By her own action Grace King Coxe created both the legal and factual presumptions which led to the fi-fa and garnishment, and the Administrator of her Succession, as she would have been, is estopped to demand attorney’s fees for the dissolution of the garnishment, and for interest on the fund during the period withheld by the garnishment.
In the case of City Bank & Trust Co. v. Moran, 11 Orleans App. 310, a judgment creditor of a husband seized an automobile, purchased by the wife during the community, with her separate and paraphernal funds. In denying damages to the wife, the court held that she, herself, created the circumstances that caused the wrongful seizure, and denied her recovery, as follows :
“We think the evidence establishes that the automobile seized in this case is the property of the third opponent. But we do not think that she is entitled to damages, as the legal presumption was the machine was her husband’s and the surrounding circumstances created that presumption.” 11 Orleans App. at 313.
Plaintiffs here did not directly seize any funds of Grace King Coxe, and, as judgment creditors, were justified in concluding that Carleton King, her father, was part owner of the funds held by the Bank.
Intervenor has cited LSA-C.C.P. art. 3506 as authority for the recovery of attorney’s fees and interest, which reads, in part, as follows:
“The defendant * * * may obtain the dissolution of a writ of attachment or of sequestration * * *. If the writ of attachment or of sequestration is dissolved * * *.
“The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve * * *. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages * *
It is immediately apparent that this Article pertains only to attachments and sequestrations.
*674 The general rule is that attorney’s fees are not recoverable as an item of damage, unless allowed by statute or by contract between the parties in case of default and the necessity of suit.
In view of the manner in which the Oil Company made the check payable, and the answer of the Bank that it had funds belonging to the judgment debtor, the ownership of said funds was an unsettled question, as far as the Plaintiffs were concerned, until the final decision on the Intervention.
As no attempt was made to seize the funds belonging to Grace King Coxe, but only the funds of Carleton King, this can be differentiated from the factual situations set forth in the authorities cited by Inter-venor. In those cases the property, known to belong to third persons, was directly and specifically seized as the property of such third person. Had the Bank denied it had funds belonging to Carleton King, the situation would be different. Since the Bank answered it had funds belonging to Carleton King, the Plaintiffs, as judgment creditors, had the right to proceed with their garnishment until the issue was judicially determined by the court on the Intervention, without liability for interest, damages or attorney’s fees.
To repeat, the situation which warranted Plaintiffs to issue the garnishment was the action of Grace King Coxe and the other members of the King family in stipulating the deposit of payments from the Oil Company in the Bank be for account of Carleton King as “lessor,” not as usufructuary.
The judgment of the district court dismissing the claim of the Intervenor, the Administrator of the Succession of Grace King Coxe, for interest and attorney’s fees, is affirmed; the Succession of Grace King Coxe to pay all costs in both courts.
Judgment affirmed.